# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00237-MR-DLH

| | |
|---|---|
| BANNER LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) WILLIAM B. HOLLAND, ) ) Defendant. ) _____ ) | **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment [Doc. 13].

## I. PROCEDURAL BACKGROUND

This case arises out of a life insurance policy issued by the Plaintiff Banner Life Insurance Company ("Banner Life"). By the present action, Banner Life seeks a declaratory judgment that the policy is void due to misstatements and omissions made by the insured on a reinstatement application. [Doc. 1]. Alternatively, Banner Life seeks a declaration that the acceptance by the designated beneficiary, William Holland ("Holland"), of a check in the amount of the paid premiums constituted an accord and

satisfaction of any claim that the beneficiary might have had against Banner Life. [Id.].

Banner Life served Holland with a Summons and a copy of the Complaint on September 11, 2017. [Doc. 5]. On September 26, 2017, Holland's lawyer filed an unopposed Motion for Extension of Time to File Defensive Pleadings to Plaintiff's Complaint. [Doc. 4]. The Court granted the motion three days later, extending Holland's time to respond to the Complaint to and including October 23, 2017. [Doc. 6].

Holland, however, never filed a response to the Complaint. On February 15, 2018, Banner Life moved for the entry of default against Holland. [Doc. 10]. On March 2, 2018, the Clerk of Court entered a default against Holland. [Doc. 12].[1] Banner Life now seeks a default judgment against Holland. [Doc. 13].

## II. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Once

---

[1] Banner Life also named the Personal Representative of the Insured's estate as a defendant. Banner Life represents, however, that no estate has ever been opened for the Insured, and therefore, there was no personal representative upon whom process could be served. In light of these circumstances, Banner Life voluntarily dismissed the Insured's estate without prejudice pursuant to Fed. R. Civ. P. 41. [Doc. 11].

2

a defendant has been defaulted, the plaintiff may then seek a default judgment. If the plaintiff's claim is for a sum certain or can be made certain by computation, the Clerk of Court may enter the default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ." Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) (quoting Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). A defendant, however, "is not held . . . to admit conclusions of law." Ryan, 253 F.3d at 780 (quoting Nishimatsu, 515 F.2d at 1206). The Court therefore must determine whether the facts as alleged state a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003).

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

The well-pleaded factual allegations of the Plaintiff's Complaint having been deemed admitted by virtue of the Defendant's default, the following is a summary of the relevant facts.

On or about November 18, 2008, Banner Life issued a $500,000, 30-year, term life insurance policy to the Insured,[2] insuring the Insured's life (the "Policy"). [Doc. 1 at ¶ 10]. The Policy was issued at Banner Life's "preferred plus non-tobacco" rate. [Id. at ¶ 11]. The Policy later lapsed and was terminated as a result of the Insured's failure to pay the premium due by April 30, 2016, in a timely manner. [Id. at ¶ 14].

Desiring to reinstate the Policy, the Insured submitted an Application for Reinstatement to Banner Life (the "Reinstatement Application"). [Id. at ¶ 15]. The Reinstatement Application asked the Insured to provide certain information and answer a series of questions about his health during the time period between the submission of the original application for insurance and the submission of the Reinstatement Application. [Id. at ¶ 17]. The Insured completed the Reinstatement Application and submitted it to Banner Life. [Id. at ¶ 22]. After receiving the Reinstatement Application, Banner Life conducted a standard prescription search to see if any medicines had been prescribed for the Insured. [Id. at ¶ 23]. The investigation revealed that the Insured had been prescribed a medication that he had not disclosed on the Reinstatement Application, so Banner Life requested that the Insured update

---

[2] Because the Complaint alleges information contained in the Insured's medical records, including descriptions of the Insured's medical diagnosis, condition, and treatment, the Complaint uses the pseudonym "John Doe" rather than the Insured's actual name.

the application by providing certain additional information. [Id. at ¶ 25]. The Insured revised the Reinstatement Application and re-submitted it to Banner Life. [Id. at ¶¶ 26-30].

On the basis of the Insured's representations in the Reinstatement Application and in reliance on the Insured being completely candid, honest, and open in disclosing information in response to the questions on the application, Banner Life reinstated the Policy, with its "preferred plus non-tobacco" rate. [Id. at ¶ 31]. Banner Life sent the Insured a letter on August 4, 2016, advising him that the Policy had been reinstated. [Id. at ¶ 32].

The Insured committed suicide on December 22, 2016, less than five months after Banner Life reinstated the Policy. [Id. at ¶ 34]. The day the Insured committed suicide, Holland, who was the Policy's beneficiary, contacted Banner Life to ask how he could make a claim for death benefits under the Policy. [Id. at ¶ 35]. As the Insured had died within two years of the date on which the Policy was reinstated, Banner Life, as authorized by N.C. Gen. Stat. § 58-58-170[3] and the express terms of the Reinstatement

---

[3] N.C. Gen Stat. § 58-58-170 provides as follows: "A reinstated policy of life insurance or annuity contract may be contested on account of fraud or misrepresentation of facts material to the reinstatement only for the same period following reinstatement and with the same conditions and exceptions as the policy provides with respect to contestability after original issuance. The reinstatement application shall be deemed to be a part of the policy whether or not attached thereto."

5

Application and the Policy, conducted a routine contestability investigation. [Id. at ¶ 36].

The Insured's medical records were gathered as a part of Banner Life's contestability investigation. [Id. at ¶ 37]. Those records revealed treatments, medications, and medical conditions that the Insured had failed to disclose in response to questions on the Reinstatement Application. [Id. at ¶ 38]. Among the matters the Insured failed to fully and truthfully disclose were a history of depression, including an attempted suicide and hospitalization in May 2012, a suicide risk assessment, and a subsequent diagnosis and treatment for depression. [Id. at ¶ 38(d), (f), (h), (j); ¶ 40]. Had the Insured fully and truthfully disclosed this information, Banner Life would not have reinstated the Policy, because the Insured would not have been insurable under Banner Life's underwriting guidelines at a preferred plus non-tobacco rating. [Id. at ¶ 40]. Thus, based on the facts revealed during its investigation, Banner Life concluded the Policy was void due to the Insured's misrepresentations. [Id. at ¶ 41].

On July 18, 2017, Banner Life sent a letter to Holland, explaining that, based on the Insured's material misrepresentations on the Reinstatement Application, the Policy was void and rescinded. [Id. at ¶ 42]. The letter advised Holland that Banner Life was denying his claim for death benefits

under the Policy. [Id.]. Banner Life also enclosed a check for $3,654.42, and advised Holland in the letter that the check represented the amount of all premiums paid under the Policy, with interest. [Id.].

On July 19, 2017, Holland e-mailed Banner Life and asked if depositing the check waived "any appeal rights" or any "right to seek judicial action." [Id. at ¶ 43]. A short time later, a Banner Life claims supervisor replied to Holland's e-mail that, "[i]f you negotiate the check, Banner Life's position will be that you have agreed that the Policy is rescinded. We suggest that you also seek legal counsel regarding the question." [Id. at ¶ 44]. Holland deposited the check. [Id. at ¶ 45]. He replied to Banner Life's e-mail the next day, writing that he had already deposited the check by the time he received Banner Life's e-mail. [Id.]. Since depositing the check however, Holland has not refunded any part of the amount tendered to him in the check. [Doc. 14 at ¶ 7].

Banner Life filed this lawsuit on August 29, 2017, seeking a declaratory judgment declaring that Banner Life has no further obligations under the Policy because the Policy was terminated, the reinstatement of the Policy was null and void *ab initio*, and the Policy was and is rescinded and is null and void due to the Insured's misrepresentations on the Reinstatement Application. [Doc. 1 at ¶¶ 56-57, 59; Prayer for Relief at ¶ 1]. Alternatively,

7

Banner Life seeks a declaratory judgment that there has been an accord and satisfaction as between Holland and the company due to Holland's acceptance of the check in the amount of premiums paid by the Insured. [Doc. 1 at ¶¶ 58; Prayer for Relief at ¶ 1].

IV.   **DISCUSSION**

Here, the undisputed facts, as established by the Plaintiff's Complaint and the Declarations of Jana Knowles and Thomas G. Hooper, demonstrate that the Defendant William B. Holland was properly served in this action, and that he is neither a minor nor incompetent.  Although Holland retained counsel and sought an extension of time to respond to the Complaint, Holland never sought to defend this action.  Accordingly, the entry of default was appropriate.

The Defendant is deemed to have admitted the allegation set forth in the Complaint by virtue of his default.  Based thereon it is established that Banner Life tendered a check to Holland in the amount of premiums paid on the Policy, and that Holland accepted that check.[4]  Under North Carolina law, "[w]hen two parties disagree about an amount owed, and the debtor tenders a check to the creditor as full payment, the creditor's negotiation of the check

---

[4] Since it is deemed admitted that Defendant received and deposited the check, it is a reasonable inference that the check was made payable to Defendant.

constitutes an accord and satisfaction as a matter of law." J.F. Wilkerson Contracting Co. v. Sellers Mfg. Co., 73 N.C. App. 620, 622, 327 S.E.2d 34, 35 (1985); see also Sharpe v. Nationwide Mut'l Fire Ins. Co., 62 N.C. App. 564, 566, 302 S.E.2d 893, 894 ("The cashing of a check tendered in full payment of a disputed claim establishes an accord and satisfaction as a matter of law."), cert. denied, 309 N.C. 823, 310 S.E.2d 353 (1983). "In such case, the claim is extinguished, regardless of any disclaimers which may be communicated by the payee." Sharpe, 62 N.C. App. at 566, 302 S.E.2d at 894. "[C]ashing a check known to be offered as an accord and satisfaction establishes, as a matter of law, the payee intended to accept the offer even though he previously voiced reservations about the amount of the settlement." Zanone v. RJR Nabisco, Inc., 120 N.C. App. 768, 773, 463 S.E.2d 584, 588 (1995), disc. review denied, 342 N.C. 666, 467 S.E.2d 738 (1996). For all of these reasons, the Court concludes that Banner Life is entitled to a default judgment against the Defendant.[5]

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Plaintiff's Motion for Default Judgment [Doc. 13] is **GRANTED**, and a default judgment is hereby against Defendant William B. Holland.

---

[5] Because the Court concludes that there has been an accord and satisfaction, the Court need not address Banner Life's alternative claim that the Policy is void due to misstatements and omissions made by the Insured on the Reinstatement Application.

**IT IS FURTHER DECLARED** that there has been an accord and satisfaction of any claim that Holland might have had against Banner Life under the Policy and therefore, Banner Life has no further obligations to Holland under the Policy, including, but not limited to, any obligation to pay the Policy's death benefit to Holland.

Signed: July 20, 2018

Martin Reidinger
United States District Judge